Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Matthew R. Snyder (SBN 350907)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com
***Attorneys for Plaintiff***

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JENELLY RODRIGUEZ, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

WEST COAST DENTAL ADMINISTRATIVE SERVICES, LLC, and DOES 1 through 10, inclusive, and each of them,

Defendant.

Case No: 2:24-cv-459

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF:**

1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 *et seq.*]
2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 *et seq.*]

**DEMAND FOR JURY TRIAL**

Plaintiff JENELLY RODRIGUEZ ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of WEST COAST DENTAL ADMINISTRATIVE SERVICES, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

**JURISDICTION & VENUE**

2. Jurisdiction is proper under *28 U.S.C. § 1331,* because this action arises under a federal statute, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

3. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles.

**PARTIES**

4. Plaintiff, JENELLY RODRIGUEZ ("Plaintiff"), is a natural person residing in Hemet, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, WEST COAST DENTAL ADMINISTRATIVE SERVICES, LLC ("Defendant") is a multi-specialty dental practice with offices throughout Southern California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Beginning in or around November 2022, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -4475, in an attempt to solicit Plaintiff to purchase Defendant's services.

9. Plaintiff's home telephone number ending in -4475 was added to the National Do-Not-Call Registry on or about April 5, 2005.

10. Defendant contacted or attempted to contact Plaintiff from telephone number: 36878.

11. On or about November 24, 2022, Plaintiff responded to Defendant's text message notification by replying "STOP."

12. Despite Plaintiff expressly opting out with the Defendant to be removed from Defendant's call list, on or around March 15, 2023 the text messages began anew, for a total of 20 total text messages spanning nearly nine months

13. Defendant's text messages constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

14. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2), as they were an attempt to promote or sell Defendant's services.

15. Plaintiff has received numerous solicitation texts from Defendant

within a 12-month period.

16. While Plaintiff had purchased Defendant's services in March of 2022, she did not return or purchase any further services. Despite this, however, Defendant continued to send Plaintiff solicitation text messages more than eighteen months after she received such services.

17. Thus, Plaintiff did not have an established business relationship, as defined by 47 C.F.R. § 64.1200(f)(5), with Defendant during the time of the solicitation calls from Defendant.

18. Plaintiff did not give Defendant prior express written consent for Defendant to text Plaintiff's cellular telephone for marketing or solicitation purposes.

19. Moreover, Plaintiff requested for Defendant to stop texting Plaintiff. Plaintiff had opted out after one of the initial text messages from Defendant, thus revoking any prior express consent that had existed and terminating any established business relationship that had existed, as defined under 16 C.F.R. 310.4(b)(iii)(B).

20. Plaintiff's request for Defendant to stop sending solicitation text messages terminated any established business relationship that may have existed between Plaintiff and Defendant pursuant to 47 CFR § 64.1200(f)(5)(i).

21. Despite this, Defendant continued to text Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA thus repeatedly violating Plaintiff's privacy.

22. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

**CLASS ALLEGATIONS**

23. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the two proposed classes (hereafter, jointly, the

"Classes").

24. Plaintiff represents, and is a member of, the National Do-Not-Call Class (or the "National DNC Class"), defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

25. Plaintiff represents, and is a member of, the Internal Do-Not-Call Class (or the "Internal DNC Class"), defined as follows:

> All persons within the United States who requested that Defendant stop sending them solicitation calls or text messages, and who received more than one call or text message made by or on behalf of Defendant that promoted Defendant's products or services, after having requested that Defendant stop calling and/or texting them within a twelve-month period, within four years prior to the filing of the complaint.

26. Plaintiff and members of the National DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and National DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the National DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the National DNC Class members were damaged thereby.

27. There is a well-defined community of interest in the questions of law and fact involved affecting the National DNC Class Members. The questions of law and fact common to the National DNC Class predominate over questions which may affect individual National DNC Class Members, including the following:

a. Whether, within the four years prior to the filing of this Complaint

through the date of class certification, Defendant or their agents placed more than one telemarketing/solicitation text messages to National DNC Class Members whose telephone numbers were on the National Do-Not-call Registry;

b. Whether Defendant maintains proper procedures and policies on the use of do-not-call lists, as required by 47 C.F.R. § 64.1200;

c. Whether Plaintiff and the National DNC Class members were damaged by damaged by Defendant's conduct, and the extent of damages for such violations; and

d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

28. As a person that received numerous solicitation text messages from Defendant within a 12-month period, whose phone number was on the National-Do-Not-Call Registry, and who did not have a prior established business relationship with Defendant, Plaintiff is asserting claims that are typical of the National DNC Class. Plaintiff will fairly and adequately represent and protect the interests of the National DNC Class in that Plaintiff has no interests antagonistic to any member of the National DNC Class.

29. Plaintiff and members of the Internal DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Internal DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the Internal DNC Class members who had requested that Defendant stop contacting them. Plaintiff and the Internal DNC Class members were damaged thereby.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the Internal DNC Class members. The questions of law and fact common to the Internal DNC Class predominate over questions which may affect individual Internal DNC Class members, including the following:

a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or their agents placed more than one telemarketing/solicitation text messages to Internal DNC Class members who had previously requested that Defendant stop contacting them;

b. Whether Defendant maintains proper procedures and policies on the use of do-not-call lists, as required by 47 C.F.R. § 64.1200;

c. Whether Plaintiff and the Internal DNC Class members were damaged by Defendant's conduct, and the extent of damages for such violations; and

d. Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

31. As a person that received numerous solicitation text messages from Defendant within a 12-month period, and who had previously requested that Defendant stop contacting her, Plaintiff is asserting claims that are typical of the Internal DNC Class. Plaintiff will fairly and adequately represent and protect the interests of the Internal DNC Class in that Plaintiff has no interests antagonistic to any member of the Internal DNC Class.

32. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

33. The Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant. Plaintiff

intends to review those record to determine membership in the Classes.

34. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

35. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all members of the Classes is impracticable. Even if every member of the Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

36. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Classes not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

37. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**(On Behalf of the National DNC Class andthe Internal DNC Class)**

38. Plaintiff repeats and incorporates by reference into this cause of action

the allegations set forth above at Paragraphs 1-37.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

40. As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the National DNC Class and the Internal DNC Class are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

41. Plaintiff and the National DNC Class and Internal DNC Class s members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**(On Behalf of the National DNC Class and the Internal DNC Class)**

42. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

44. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the National DNC Class and the Internal DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

45. Plaintiff and the National DNC Class and the Internal DNC Class

members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(5),* Plaintiff and the National DNC Class and the Internal DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the National DNC Class and Internal DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

46. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 18th Day of January, 2024.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff